**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN A. BRUNT, )
)
        Plaintiff, )
)
v. ) Case No. 10-2323
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )
)

**MEMORANDUM AND ORDER**

Plaintiff John A. Brunt initiated this suit as a challenge to Defendant Commissioner Michael J. Astrue's denial of benefits. The Commissioner filed a motion asking this court to reverse and remand the case for further consideration by the Administrative Law Judge (ALJ) (doc. 5). For the reasons discussed below, the Commissioner's motion is granted.

**1.    Background**

Mr. Brunt first applied for a period of disability, disability insurance benefits, and supplemental security income in April 2004, alleging an onset date of his impairments of April 30, 1999. The ALJ held a hearing and denied Mr. Brunt's applications. The Appeals Counsel reviewed the decision, however, and remanded the case back to the ALJ for a supplemental hearing.

The ALJ conducted another hearing on Mr. Brunt's applications, and again denied his applications. The Appeals Counsel declined to review that decision, rendering the ALJ's opinion the final decision on behalf of the Commissioner, and so Mr. Brunt sought judicial review of the decision in this court.

The Commissioner, recognizing an error in the ALJ's latest ruling, asks that this court remand the case back to the ALJ for further fact-finding. Specifically, the Commissioner notes that the ALJ found that Mr. Brunt has the following severe impairments: right-hand deformity; degenerative disc and joint disease in the cervical spine; borderline intellectual functioning; schizophrenia; and a history of substance abuse. The ALJ concluded that Mr. Brunt was not disabled, however, because he refused to follow recommended medical treatment and medication maintenance without reasonable justification, pursuant to 20 C.F.R. § 404.1530. The Commissioner admits that this conclusion was erroneous because 20 C.F.R. § 404.1530 applies to individuals "with a disabling impairment," a finding that the ALJ did not make as to Mr. Brunt.

Mr. Brunt opposes the remand given the lengthy path this disability application has taken already. Mr. Brunt notes that his case has been pending for over six years and a remand for additional fact-finding will only delay the result further. Instead, Mr. Brunt asks that this court review his claim on its merits and order an award of benefits.

**2.    Discussion**

In considering a possible remand, this court has discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Regland v.*

2

*Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In deciding which kind of remand to issue, the court should consider "the length of time the matter has been pending" and "whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation marks and citation omitted).

Here, given that the ALJ found that Mr. Brunt was not disabled, she did not continue the review process. In order to determine whether a claimant is under a disability, the Secretary applies a five-step inquiry: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment prevents the claimant from continuing his past relevant work; and (5) whether the impairment prevents the claimant from doing any kind of work. 20 C.F.R. §§ 404.1520, 416.920; *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (providing an in-depth discussion of the five steps). "If at any point in the process the Secretary finds that a person is disabled or not disabled, the review ends." *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1988).

The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. *Gilliland v. Heckler*, 786 F.2d 178, 184, 185 (3rd Cir. 1986). In this case, the

3

ALJ stopped at step three. Thus, she did not make a residual functional capacity finding, a credibility determination, or a decision at steps four and five of the evaluation process. As such, additional fact-finding by the ALJ would serve a useful purpose—it would allow the ALJ to weigh the evidence in the first instance, rather than for this court to substitute its own judgment. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004) (holding that the court "neither reweighs the evidence nor substitutes its judgment for that of the Commissioner").

Mr. Brunt's concern about the additional delay is not dismissed lightly. In this case, however, the court must remand for further proceedings and cannot order an immediate award of benefits.

**IT IS THEREFORE ORDERED BY THE COURT** that the Commissioner's motion (doc. 5) is **granted**. This case is **reversed and remanded** for further proceedings consistent with this order.

**IT IS SO ORDERED** this 3rd day of September, 2010.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge

4